IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-03128-CV-S-RED |
| | ) | |
| TONJA BLOUNT, NATHAN SMITH, | ) | |
| ANDREW J. GRIMES, BARBARA GRIMES, | ) | |
| and MITCHELL Y. CHOI, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

NOW before the Court is the Defendants Barbara Grimes, Andrew Grimes and Tonja Blount's Renewed Motion for Summary Judgment (Doc. 71), Defendants Barbara Grimes, Andrew Grimes and Tonja Blount's Suggestions in Support of Their Renewed Motion for Summary Judgment (Doc. 72-1), Plaintiff's Memorandum in Opposition to Defendants Barbara Grimes, Andrew Grimes and Tonja Blount's Renewed Motion for Summary Judgment (Doc. 76-1), and Defendants Barbara Grimes, Andrew Grimes and Tonja Blount's Reply Suggestions in Support of Their Renewed Motion for Summary Judgment (Doc. 83). For the following reasons, the Court finds that Defendants Barbara Grimes, Andrew Grimes and Tonja Blount's Renewed Motion for Summary Judgment (Doc. 71) is due to be **GRANTED**.

I. Statement of Facts

Defendant Barbara Grimes pled guilty to a Class C Felony of Involuntary Manslaughter in causing or contributing to the death of Defendant Blount's son, Jeffrey Cale Gormley ("Gormley"). The Amended Felony Information filed against Defendant Barbara Grimes asserted that she had "committed the class C felony of involuntary manslaughter in the first degree" in that she "recklessly

caused the death of Jeffrey Cale Gormley by providing her home to minors for the consumption of alcohol and/or controlled substances without adult supervision." At the time of Gormley's death, Defendants Barbara and Andrew Grimes resided together at 4954 E. Farm Road 186, Rogersville, Missouri, and were insured under a homeowner's insurance policy issued by Plaintiff.

Subsequently, Defendant Blount filed a wrongful death action in the Circuit Court of Greene County against Defendants Andrew Grimes, Barbara Grimes, Michelle Choi, and Nathan Smith alleging, among other things, the negligent failure to render aid in connection with the death of her son. On August 23, 2005, the Circuit Court of Greene County entered judgment in favor of Defendant Blount and against Defendants Barbara and Andrew Grimes.

Plaintiff filed suit in the instant case seeking a declaratory judgment that Defendants Grimes' insurance policy provides no coverage for the claims against them by Defendant Blount.

## II. Standard of Review

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fry v. Holmes Freight Lines, Inc.*, 72 F. Supp. 2d 1074, 1075 (W.D. Mo. 1999). When ruling on a motion for summary judgment, the court shall view the facts in a light most favorable to the adverse party and allow the adverse party the benefit of all reasonable inferences to be drawn from the evidence. *See id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Reed v. ULS Corp.*, 178 F.3d 988, 900 (8th Cir. 1999)).

Summary judgment is appropriate against a party who fails to make a showing sufficient to establish that there is a genuine issue for trial about an element essential to that party's case, and on

2

which that party will bear the burden of proof at trial. *See Cunningham v. Kansas City Star Co.*, 995 F. Supp. 1010, 1014 (W.D. Mo. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).

III. Discussion

On March 14, 2006, the Court entered an Order denying Plaintiff's Motion for Summary Judgment and Defendants' Cross Motion for Summary Judgment (Doc. 70). In that Order, the Court ruled that the claims alleged in Defendant Blount's wrongful death action were separate and distinct from the criminal charge against Defendant Barbara Grimes. That is, even if Plaintiff's policy excluded coverage based on Defendant Barbara Grimes's plea of guilty to involuntary manslaughter, the issue of coverage was still to be determined as to the claims based on the Grimeses' negligent failure to render aid to Gormley. The Court declined to consider whether the policy would cover these claims as the action was still pending before the Circuit Court of Greene County.

The Circuit Court of Greene County rendered its judgment on March 23, 2005, finding in favor of Defendant Blount and jointly and severally against Defendants Barbara and Andrew Grimes. The court awarded damages in the amount of $1.5 million.[1] After the circuit court judgment was entered, Defendants filed a renewed motion of summary judgment in the instant case asserting that the Court's previous Order and the circuit court's judgment as to the issue of negligence, taken together, provide support for the finding of coverage for Defendants Barbara and Andrew Grimes under Plaintiff's insurance policy.

In its opposition to Defendants' renewed motion for summary judgment, Plaintiff argues that

---

[1]The court also awarded Defendant Blount pre-judgment interest in the amount of $254,093.82 through and including the date of the judgment, and pre-judgment interest at 9% per annum from the date of the judgment until judgment is paid.

3

the issue of negligence has not yet been resolved. Plaintiff argues that because the circuit court's judgment was entered with the consent of the Grimeses and pursuant to a Mo. Rev. Stat. § 537.065 Agreement, the judgment rendered by the circuit court is not conclusive as to the issue of negligence. The Court disagrees. While a consent judgment may be "different in nature from a judgment rendered on the merits," *Am. Family Mut. Ins. Co v. Hart*, 41 S.W.3d 504, 510 (Mo. Ct. App. 2000), a "judgment entered by consent of the parties . . . within the court's jurisdiction . . . should be given the same force as any other judgment." *Gunning v. State Farm Mut. Auto. Ins. Co.*, 598 S.W.2d 479, 481 (Mo. Ct. App. 1980) (citing *McDougal v. McDougal*, 279 S.W.2d 731, 738-39 (Mo. Ct. App. 1955)); *see also Short v. Taylor*, 38 S.W. 952 (Mo. 1897) ("A judgment pronounced by consent of parties or upon stipulation should be accorded the same force as other judgments."). Moreover, here the circuit judge stated the decision was being rendered after "[h]aving heard the evidence," suggesting the judgment was not made solely because of or pursuant to the agreement among the parties. Thus, regardless of the nature of the judgment, the decision rendered by the circuit judge, necessarily limited to the allegations in Defendant Blount's Second Amended Complaint, is conclusive as to the issue of negligence.

The question remaining for the Court then is whether coverage is available for Defendants Barbara and Andrew Grimes under the homeowner's insurance policy issued by Plaintiff for their actions in negligently failing to render aid in connection with Gormley's death.[2] In interpreting the policy, this Court will apply Missouri law. *See Newyear v. Church Ins. Co.*, 155 F.3d 1041, 1043

---

[2]Although Plaintiff continues to argue in its opposition to the Defendants' renewed motion for summary judgment that the negligence claim and the guilty plea are not separate and distinct and coverage is thus excluded due to Defendant Barbara Grimes's intentional or criminal act, that issue was resolved in the Court's previous Order (Doc. 70).

4

(8th Cir. 1998). "To determine coverage issues, Missouri law provides that courts should compare the allegations in the underlying complaint to the language of the insurance policy." *Id.* (citing *Reliance Ins. Co. v. Shenandoah South, Inc.*, 81 F.3d 789, 791 (8th Cir.1996)).

Plaintiff's insurance policy issued to Defendant Barbara Grimes provides that "Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damages arising from an occurrence to which this policy applies . . . ." The parties agree that Defendants Barbara and Andrew Grimes are insured persons under the policy and that Gormley's death constitutes bodily injury as defined by the policy. The issue is whether the negligent failure to render aid is an "occurrence" for purposes of policy coverage.

The policy defines "occurrence" as meaning "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." Under Missouri law, a liability policy defining "occurrence" as an "accident" necessarily encompasses a negligence claim. *Woods v. Safeco Ins. Co.*, 980 S.W.2d 43, 49 (Mo. Ct. App. 1998). When "occurrence" is defined as an "accident," "[it] is considered by Missouri courts to mean injury caused by the negligence of the insured." *Great Am. Ins. Co. v. Pearl Paint Co.*, 703 S.W.2d 601, 602 (Mo. Ct. App. 1986) (citing *N.W. Elec. Power Coop, Inc. v. Am. Motorists Ins. Co.*, 451 S.W.2d 356, 364 (Mo. Ct. App. 1969)). Accordingly, Defendants Barbara and Andrew Grimes' negligent failure to render aid, as adjudged by the Circuit Court of Greene County, constitutes an "occurrence" for purposes of policy coverage. Consequently, to the extent Plaintiff's insurance policy covers occurrences resulting in bodily injury, Defendants Barbara and Andrew Grimes are covered for the judgment entered against them in Circuit Court in Greene County.

IV. Conclusion

For the foregoing reasons, Defendants Barbara Grimes, Andrew Grimes, and Tonja Blount's Renewed Motion for Summary Judgment (Doc. 71) is hereby **GRANTED** and the Court **DECLARES** that: (1) Plaintiff's insurance policy provides coverage to Defendant Barbara Grimes for the judgment entered against her in the Greene County wrongful death action, and (2) Plaintiff's insurance policy provides coverage to Defendant Andrew Grimes for the judgment entered against him in the Greene County wrongful death action.

**IT IS SO ORDERED.**

DATE:   August 16, 2006          _/s/ Richard E. Dorr_
                                  RICHARD E. DORR, JUDGE
                                  UNITED STATES DISTRICT COURT